## IN THE UNITED STATES DISTRICT COURT

FILED

## MIDDLE DISTRIC OF FLORIDA

## OCALA DIVISION

2009 FEB 24  PM 1:06

CLERK U.S. DISTRICT COURT
OCALA, FLORIDA

IRYNA HRACHOVA, individualy and o/b/o

ZHANNA HRACHOVA,

   Plaintiffs,

Vs.                                                      CASE NO. 5:09-cv-95-Oc-10GRJ

DENVER DEWAYNE COOK,

   Defendant.

### COMPLAINT FOR SPECIFIC PERFORMANCE

COMES NOW IRYNA HRACHOVA, Plaintiff, who sues DENVER DEWAYNE COOK,

Defendant, for damages which exceed the total sum of fifteen thousand dollars, and as grounds

therefor says that:

   1.   The parties were married to each other from September 8, 2000 to May 31, 2002, at

which time a final judgment of dissolution of marriage was entered in Case number 2000-DR-3552,

Lake County, Florida.

   2.   Plaintiff was previously a resident and citizen of Ukraine. In order for Plaintiff to enter

into and remain in the Unites States of America for the purposes of marriage to Defendant,

Defendant was required to enter into a contract with the U.S. Department of Justice, Immigration

and Naturalization Service entitled "Affidavit of Support".

   3.   Under the terms of said contract, Defendant committed himself to guarantee the support

of Plaintiff and her daughter, Zhanna Hrachova, born January 17, 1990, at a level of no less than

125% of the  federal poverty line. Additional terms and conditions of Defendant's obligation are

further set forth in said "Affidavit of Support", a copy of which is attached hereto as Exhibit A. The

affidavit is fully incorporated herein by reference.

   4.   Under the express terms of the affidavit, Defendant continues to be  obligated to

support Plaintiff and her daughter.

   5.   By express terms of the affidavit, sponsored immigrants have standing to sue on their

own behalf for specific performance of the terms and conditions of this contract, including costs of collection and legal fees.

6.    Petitioner and her daughter have been and continue to be in need of support from Defendant under the terms and conditions set forth in the contract. Zhanna is a full-time student and is still dependent on Petitioner for her support.

WHEREFORE, Plaintiff demands an award of support payable by Defendant on behalf of herself and her daughter Zhanna as follows:

a.    Support at a level of no less than 125% of the federal poverty lines retroactive to a date certain as well as ongoing;

b.    An award of attorney's fees and costs as may become necessary to obtain the relief due and owing to Plaintiff on her own behalf and that of her daughter;

c.    Such other relief as may be found to be just and proper.

RESPECTFULLY SUBMITTED this _24_ day of ~~December~~ FEBRUARY 2009

_____
Iryna Hrachova, individually and on behalf of Zhanna Hrachova
P.O. Box 3871
Ocala, FL 34478
Phone 368-1699

Prepared with the assistance of Community Legal Services of Mid-Florida, Inc.

*[handwritten notes at top, partially illegible]*

OMB No 1115-

...nent of Justice
... and Naturalization Service

**Affidavit of Supp**

---

**(ANSWER ALL ITEMS: FILL IN WITH TYPEWRITER OR PRINT IN BLOCK LETTERS IN INK.)**

_DENVER DEWAYNE COOK_, residing at _16 SUN COUNTRY CT._
(Name)                                                        (Street and Number)

_EUSTIS_        _Fl._                _32726_                    _USA_
(City)          (State)          (ZIP Code if in U.S.)        (Country)

**BEING DULY SWORN DEPOSE AND SAY:**

1  I was born on _12-17-57_ at _Whitesburg Ky._  _USA_
(Date)                  (City)              (Country)

If you are *not* a native born United States citizen, answer the following as appropriate:
  a. If a United States citizen through naturalization, give certificate of naturalization number _____
  b. If a United States citizen through parent(s) or marriage, give citizenship certificate number _____
  c. If United States citizenship was derived by some other method, attach a statement of explanation.
  d. If a lawfully admitted permanent resident of the United States, give "A" number _____

2  That I am _42_ years of age and have resided in the United States since (date) _Birth_
3  That this affidavit is executed in behalf of the following person:

| Name | | | Sex | Age |
|---|---|---|---|---|
| _IRINA ALEXANDROVNA GRACHOVA_ | | | _F_ | _35_ |

Citizen of—(Country) _UKraine_   Marital Status _Divorced_   Relationship to Deponent _Fiancee_

Presently resides at—(Street and Number)   (City)   (State)   (Country)
_Mikhilovskaya 15/110_   _Sevastopol_   _Crimea,_   _UKraine_

Name of spouse and children accompanying or following to join person:

| Spouse | Sex | Age | Child | Sex | Age |
|---|---|---|---|---|---|
| | | | | | |
| Child | Sex | Age | Child | Sex | Age |
| _Zannett_ | _F_ | _10_ | | | |
| Child | Sex | Age | Child | Sex | Age |
| | | | | | |

4  That this affidavit is made by me for the purpose of assuring the United States Government that the person(s) named in item 3 will not become a public charge in the United States.

5  That I am willing and able to receive, maintain and support the person(s) named in item 3. That I am ready and willing to deposit a bond, if necessary, to guarantee that such person(s) will not become a public charge during his or her stay in the United States, or to guarantee that the above named will maintain his or her nonimmigrant status if admitted temporarily and will depart prior to the expiration of his or her authorized stay in the United States.

6  That I understand this affidavit will be binding upon me for a period of three (3) years after entry of the person(s) named in item 3 and that the information and documentation provided by me may be made available to the Secretary of Health and Human Services and the Secretary of Agriculture, who may make it available to a public assistance agency.

7  That I am employed as, or engaged in the business of _Parts Sales_ with _Vann Gennaway Chev_
(Type of Business)                                              (Name of concern)
at _15140 Hwy 441_   _Eustis_   _Fl._   _32726_
(Street and Number)   (City)   (State)   (Zip Code)

I derive an annual income of                                                                    $ ~~~~ _26,000_
(If self-employed, I have attached a copy of my last income tax return
or report of commercial rating concern which I certify to be true and correct to the best
of my knowledge and belief. See instruction for nature of evidence of net worth to be
submitted.)

...ve on deposit in savings banks in the United States                                         $
...e other personal property, the reasonable value of which is                                 $ _20,000_

(Rev. 5-9-88) Y

**U.S. Department of Justice**
Immigration and Naturalization Service

OMB NO. 1115-0214
**Affidavit of Support Under Section 213A of the Act**

## INSTRUCTIONS

*Purpose of this Form*
This form is required to show that an intending immigrant has adequate means of financial support and is not likely to become a public charge.

*Sponsor's Obligation*
The person completing this affidavit is the sponsor. A sponsor's obligation continues until the sponsored immigrant becomes a U.S. citizen, can be credited with 40 qualifying quarters of work, departs the United States permanently, or dies. Divorce does not terminate the obligation. By executing this form, you, the sponsor, agree to support the intending immigrant and any spouse and/or children immigrating with him or her and to reimburse any government agency or private entity that provides these sponsored immigrants with Federal, State, or local means-tested public benefits.

*General Filing Instructions*
Please answer all questions by typing or clearly printing in black ink only. Indicate that an item is not applicable with "N/A". If an answer is "none," please so state. If you need extra space to answer any item, attach a sheet of paper with your name and Social Security number, and indicate the number of the item to which the answer refers.

You must submit an affidavit of support for each applicant for immigrant status. You may submit photocopies of this affidavit and all supporting documentation for any spouse or children immigrating with an immigrant you are sponsoring, but the signature on each photocopied affidavit must be original. For purposes of this form, a spouse or child is immigrating with an immigrant you are sponsoring if he or she is: 1) listed in Part 3 of this affidavit of support; and 2) applies for an immigrant visa or adjustment of status within 6 months of the date this affidavit of support is originally completed and signed. The signature on the affidavit, including the signature on photocopies, must be notarized by a notary public or signed before an Immigration or a Consular Officer.

You should give the completed affidavit of support with all required documentation to the sponsored immigrant for submission to either a Consular Officer with Form OF-230, Application for Immigrant Visa and Alien Registration, or an Immigration Officer with Form I-485, Application to Register Permanent Residence or Adjust Status. You may enclose the affidavit of support and accompanying documents in a sealed envelope to be opened only by the designated Government official. The sponsored immigrant must submit the affidavit of support to the Government within 6 months of its signature.

*Who Needs an Affidavit of Support under Section 213A?*
This affidavit must be filed at the time an intending immigrant is applying for an immigrant visa or adjustment of status. It is required for:

- All immediate relatives, including orphans, and family-based immigrants. (Self-petitioning widow/ers and battered spouses and children are exempt from this requirement); and

- Employment-based immigrants where a relative filed the immigrant visa petition or has a significant ownership interest (5 percent or more) in the entity that filed the petition.

*Who Completes an Affidavit of Support under Section 213A?*
- For immediate relatives and family-based immigrants, the family member petitioning for the intending immigrant must be the sponsor.

- For employment-based immigrants, the petitioning relative or a relative with a significant ownership interest (5 percent or more) in the petitioning entity must be the sponsor. The term "relative," for these purposes, is defined as husband, wife, father, mother, child, adult son or daughter, brother, or sister.

- If the petitioner cannot meet the income requirements, a joint sponsor may submit an additional affidavit of support.

A sponsor, or joint sponsor, must also be:

- A citizen or national of the United States or an alien lawfully admitted to the United States for permanent residence;

- At least 18 years of age; and

- Domiciled in the United States or its territories and possessions.

*Sponsor's Income Requirement*
As a sponsor, your household income must equal or exceed 125 percent of the Federal poverty line for your household size. For the purpose of the affidavit of support, household size includes yourself, all persons related to you by birth, marriage, or adoption living in your residence, your dependents, any immigrants you have previously sponsored using INS Form I-864 if that obligation has not terminated, and the intending immigrant(s) in Part 3 of this affidavit of support. The poverty guidelines are calculated and published annually by the Department of Health and Human Services. Sponsors who are on active duty in the U.S. Armed Forces other than for training need only demonstrate income at 100 percent of the poverty line *if* they are submitting this affidavit for the purpose of sponsoring their spouse or child.

If you are currently employed and have an *individual* income which meets or exceeds 125 percent of the Federal poverty line or (100 percent, if applicable) for your household size, you do not need to list the income of any other person. When determining your income, you may include the income generated by individuals related to you by birth, marriage, or

**U.S. Department of Justice**
Immigration and Naturalization Service

OMB # 1115-0214

# Contract Between Sponsor and Household Member

| Sponsor's Name *(Last, First, Middle)* | Social Security Number | A-Number (If any) |
|---|---|---|
| | | |

## General Filing Instructions:

Form I-864A, Contract Between Sponsor and Household Member, is an attachment to Form I-864, Affidavit of Support Under Section 213A of the Immigration and Nationality Act (the Act). The sponsor enters the information above, completes Part 2 of this form, and signs in Part 5. The household member completes Parts 1 and 3 of this form and signs in Part 6. A household member who is also the sponsored immigrant completes Parts 1 and 4 (Instead of Part 3) of this form and signs in Part 6. The Privacy Act Notice and information on penalties for misrepresentation or fraud are included on the instructions to Form I-864.

The signatures on the I-864A must be notarized by a notary public or signed before an Immigration or Consular Officer. A separate form must be used for each household member whose income and/or assets are being used to qualify. This blank form may be photocopied for that purpose. A sponsored immigrant who qualifies as a household member is only required to complete this form if he or she has one or more family members immigrating with him or her and is making his or her *income* available for their support. Sponsored immigrants who are using their *assets* to qualify are not required to complete this form. This completed form is submitted with Form I-864 by the sponsored immigrant with an application for an immigrant visa or adjustment of status.

## Purpose:

This contract is intended to benefit the sponsored immigrant(s) and any agency of the Federal Government, any agency of a State or local government, or any private entity to which the sponsor has an obligation under the affidavit of support to reimburse for benefits granted to the sponsored immigrant, and these parties will have the right to enforce this contract in any court with appropriate jurisdiction. This contract must be completed and signed by the sponsor and any household member, including the sponsor's spouse, whose income is included as household income by a person sponsoring one or more immigrants under Section 213A of Act. The contract must also be completed if a sponsor is relying on the assets of a household member who is not the sponsored immigrant to meet the income requirements. If the sponsored immigrant is a household member immigrating with a spouse or children, and is using his or her income to assist the sponsor in meeting the income requirement, he or she must complete and sign this contract as a "sponsored immigrant/household member."

By signing this form, a household member, who is not a sponsored immigrant, agrees to make his or her income and/or assets available to the sponsor to help support the immigrant(s) for whom the sponsor has filed an affidavit of support and to be responsible, along with the sponsor, to pay any debt incurred by the sponsor under the affidavit of support. A sponsored immigrant/household member who signs this contract agrees to make his or her income available to the sponsor to help support any spouse or children immigrating with him or her and to be responsible, along with the sponsor, to pay any debt incurred by the sponsor under the affidavit of support. The obligations of the household member and the sponsored immigrant/household member under this contract terminate when the obligations of the sponsor under the affidavit of support terminate. For additional information see section 213A of the Act, part 213a of title 8 of the Code of Federal Regulations, and Form I-864, Affidavit of Support Under Section 213A of the Act.

## Definitions:

1) An "affidavit of support" refers to INS Form I-864, Affidavit of Support Under Section 213A of the Act, which is completed and filed by the sponsor;

2) A "sponsor" is a person, either the petitioning relative, the relative with a significant ownership interest in the petitioning entity, or another person accepting joint and several liability with the sponsor, who completes and files the Affidavit of Support under Section 213A of the Act on behalf of a sponsored immigrant;

3) A "household member" is any person (a) sharing a residence with the sponsor for at least the last 6 months who is related to the sponsor by birth, marriage, or adoption, *or* (b) whom the sponsor has lawfully claimed as a dependent on the sponsor's most recent Federal income tax return even if that person does not live at the same residence as the sponsor, *and* whose income and/or assets will be used to demonstrate the sponsor's ability to maintain the sponsored immigrant(s) at an annual income at the level specified in section 213A(f)(1)(E) or 213A(f)(3) of the Act;

4) A "sponsored immigrant" is a person listed on this form on whose behalf an affidavit of support will be completed and filed; and

5) A "sponsored immigrant/household member" is a sponsored immigrant who is also a household member.

adoption who are living in your residence, if they have lived in your residence for the previous 6 months, or who are listed as dependents on your most recent Federal income tax return whether or not they live in your residence. For their income to be considered, these household members or dependents must be willing to make their income available for the support of the sponsored immigrant(s) if necessary, and to complete and sign Form I-864A, Contract Between Sponsor and Household Member. However, a household member who is the immigrant you are sponsoring only need complete Form I-864A if his or her income will be used to determine your ability to support a spouse and/or children immigrating with him or her.

If in any of the most recent 3 tax years, you and your spouse each reported income on a joint income tax return, but you want to use only your own income to qualify (and your spouse is not submitting a Form I-864A), you may provide a separate breakout of your individual income for these years. Your individual income will be based on the earnings from your W-2 forms, Wage and Tax Statement, submitted to IRS for any such years. If necessary to meet the income requirement, you may also submit evidence of other income listed on your tax returns which can be attributed to you. You must provide documentation of such reported income, including Forms 1099 sent by the payer, which show your name and Social Security number.

You must calculate your household size and total household income as indicated in Parts 4.C. and 4.D. of this form. You must compare your total household income with the minimum income requirement for your household size using the poverty guidelines. For the purposes of the affidavit of support, determination of your ability to meet the income requirements will be based on the most recent income-poverty guidelines published in the Federal Register at the time the Consular or Immigration Officer makes a decision on the intending immigrant's application for an immigrant visa or adjustment of status. Immigration and Consular Officers will begin to use updated poverty guidelines on the first day of the second month after the date the guidelines are published in the Federal Register.

If your total household income is equal to or higher than the minimum income requirement for your household size, you do not need to provide information on your assets, and you may not have a joint sponsor unless you are requested to do so by a Consular or Immigration Officer. If your total household income does not meet the minimum income requirement, the intending immigrant will be ineligible for an immigrant visa or adjustment of status, unless:

- You provide evidence of assets that meet the requirements outlined under "Evidence of Assets" below; and/or

- The immigrant you are sponsoring provides evidence of assets that meet the requirements under "Evidence of Assets" below; or

- A joint sponsor assumes the liability of the intending immigrant with you. A joint sponsor must execute a separate affidavit of support on behalf of the intending

immigrant and any accompanying family members. A joint sponsor must individually meet the minimum requirement of 125 percent of the poverty line based on his or her household size and income and/or assets, including any assets of the sponsored immigrant.

The Government may pursue verification of any information provided on or in support of this form, including employment, income, or assets with the employer, financial or other institutions, the Internal Revenue Service, or the Social Security Administration.

### Evidence of Income

In order to complete this form you must submit the following evidence of income:

- A copy of your complete Federal income tax return, as filed with the Internal Revenue Service, for each of the most recent 3 tax years. If you were not required to file a tax return in any of the most recent 3 tax years, you must provide an explanation. If you filed a joint income tax return and are using only your own income to qualify, you must also submit copies of your W-2s for each of the most recent 3 tax years, and *if* necessary to meet the income requirement, evidence of other income reported on your tax returns, such as Forms 1099.

- If you rely on income of any members of your household or dependents in order to reach the minimum income requirement, copies of their Federal income tax returns for the most recent 3 tax years. These persons must each complete and sign a Form I-864A, Contract Between Sponsor and Household Member.

- Evidence of current employment or self-employment, such as a recent pay statement, *or* a statement from your employer on business stationery, showing beginning date of employment, type of work performed, and salary or wages paid. You must also provide evidence of current employment for any pe on whose income is used to qualify.

### Evidence of Assets

If you want to use your assets, the assets of your household members or dependents, and/or the assets of the immigrant you are sponsoring to meet the minimum income requirement, you must provide evidence of assets with a cash value that equals at least five times the difference between your total household income and the minimum income requirement. For the assets of a household member, other than the immigrant(s) you are sponsoring, to be considered, the household member must complete and sign Form I-864A, Contract Between Sponsor and Household Member.

All assets must be supported with evidence to verify location, ownership, and value of each asset. Any liens and liabilities relating to the assets must be documented. List only assets that can be readily converted into cash within 1 year. Evidence of assets includes, but is not limited to the following:

- Bank statements covering the last 12 months, *or a statement from an officer of the bank or other financial institution in which you have deposits, including deposit/withdrawal history for the last 12 months, and current balance;*

- Evidence of ownership and value of stocks, bonds, and certificates of deposit, and date(s) acquired;

- Evidence of ownership and value of other personal property, and date(s) acquired; and

- Evidence of ownership and value of any real estate, and date(s) acquired.

### Change of Sponsor's Address

You are required by 8 U.S.C. 1183a(d) and 8 CFR 213a.3 to report every change of address to the Immigration and Naturalization Service and the State(s) in which the sponsored immigrant(s) reside(s). You must report changes of address to INS on Form I-865, Sponsor's Notice of Change of Address, within 30 days of any change of address. You must also report any change in your address to the State(s) in which the sponsored immigrant(s) live.

### Penalties

If you include in this affidavit of support any material information that you know to be false, you may be liable for criminal prosecution under the laws of the United States.

If you fail to give notice of your change of address, as required by 8 U.S.C. 1183a(d) and 8 CFR 213a.3, you may be liable for the civil penalty established by 8 U.S.C. 1183a(d)(2). The amount of the civil penalty will depend on whether you failed to give this notice because you were aware that the immigrant(s) you sponsored had received Federal, State, or local means-tested public benefits.

### Privacy Act Notice

Authority for the collection of the information requested on this form is contained in 8 U.S.C. 1182(a)(4), 1183a, 1184(a), and 1258. The information will be used principally by the INS or by any Consular Officer to whom it is furnished, to support an alien's application for benefits under the Immigration and Nationality Act and specifically the assertion that he or she has adequate means of financial support and will not become a public charge. Submission of the information is voluntary. Failure to provide the information will result in denial of the application for an immigrant visa or adjustment of status.

The information may also, as a matter of routine use, be disclosed to other Federal, State, and local agencies or private entities providing means-tested public benefits for use in civil action against the sponsor for breach of contract. It may also be disclosed as a matter of routine use to other Federal, State, local, and foreign law enforcement and regulatory agencies to enable these entities to carry out their law enforcement responsibilites.

### Reporting Burden

A person is not required to respond to a collection of information unless it displays a currently valid OMB control number. We try to create forms and instructions that are accurate, can be easily understood, and which impose the least

possible burden on you to provide us with information. Often this is difficult because some immigration laws are very complex. The reporting burden for this collection of information on Form I-864 is computed as follows: 1) learning about the form, 17 minutes; 2) completing the form, 22 minutes; and 3) assembling and filing the form, 30 minutes, for an estimated average of 69 minutes per response. The reporting burden for collection of information on Form I-864A is computed as: 1) learning about the form, 5 minutes; 2) completing the form, 8 minutes; 3) assembling and filing the form, 2 minutes, for an estimated average of 15 minutes per response. If you have comments regarding the accuracy of this estimates, or suggestions for making this form simpler, you can write to the Immigration and Naturalization Service, 425 I Street, N.W., Room 5307, Washington, D.C. 20536. DO NOT MAIL YOUR COMPLETED AFFIDAVIT OF SUPPORT TO THIS ADDRESS.

### CHECK LIST

The following items must be submitted with Form I-864, Affidavit of Support Under Section 213A:

For *ALL* sponsors:

☐ This form, the I-864, completed and signed before a notary public or a Consular or Immigration Officer.

☐ Proof of current employment or self employment.

☐ Your individual Federal income tax returns for the most recent 3 tax years, or an explanation if fewer are submitted. Your W-2s for any of the most recent 3 tax years for which you filed a joint tax return but are using only your own income to qualify. Forms 1099 or evidence of other reported income *if* necessary to qualify.

For *SOME* sponsors:

☐ *If the immigrant you are sponsoring is bringing a spouse or children,* photocopies of the Immigrant's affidavit of support and all supporting documentation with original notarized signatures on each photocopy of the affidavit for each spouse and/or child immigrating with the immigrant you are sponsoring.

☐ *If you are on active duty in the Armed Forces and are sponsoring a spouse or child using the 100 percent of poverty level exception,* proof of your active military status.

*If you are using the income of persons in your household or dependents to qualify,*

☐ A separate Form I-864A for each person whose income you will use other than a sponsored immigrant/household member who is not immigrating with a spouse and/or child.

☐ Proof of their residency and relationship to you if they are not listed as dependents on your income tax return for the most recent tax year.

☐ Proof of their current employment or self-employment.

U.S. Department of Justice
Immigration and Naturalization Service

OMB # 1115-0214

**Affidavit of Support Under Section 213A of the Act**

START HERE - Please Type or Print

## Part 1.   Information on Sponsor  (You)

Last Name  Cook

First Name  Denver

Middle Name  Dewayne C

Mailing Address  *(Street Number and Name)*  16 Sun Country ct.

Apt/Suite Number

City  Eustis  Florida

State or Province  Florida

Country  USA

ZIP/Postal Code  32726

Telephone Number  (352) 589-2894

Place of Residence if different from above *(Street Number and Name)*

Apt/Suite Number

City

State or Province

Country

ZIP/Postal Code

Telephone Number  (    )

Date of Birth *(Month, Day, Year)*  12-17-57

Place of Birth *(City, State, Country)*  Whitesburg Ky. USA

Are you a U.S. Citizen?  ☑ Yes  ☐ No

Social Security Number  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

A-Number *(If any)*

**FOR AGENCY USE ONLY**

This Affidavit          Receipt

[ ] Meets

[ ] Does not
    meet

Requirements of
Section 213A

Officer's
Signature

Location

Date

## Part 2.   Basis for Filing Affidavit of Support

I am filing this affidavit of support because *(check one)*:

a.  ☐  I filed/am filing the alien relative petition.

b.  ☐  I filed/am filing an alien worker petition on behalf of the intending
      immigrant, who is related to me as my _____
                                             *(relationship)*

c.  ☐  I have ownership interest of at least 5% of _____
                                      *(name of entity which filed visa petition)*
      which filed an alien worker petition on behalf of the intending
      immigrant, who is related to me as my _____
                                             *(relationship)*

d.  ☐  I am a joint sponsor willing to accept the legal obligations with any other sponsor(s).

## Part 3.   Information on the Immigrant(s) You Are Sponsoring

Last Name  Hrachova

First Name  Iryna

Middle Name  Aleksandrovna

Date of Birth *(Month, Day, Year)*  10-16-64

Sex:  ☐ Male  ☑ Female

Social Security Number *(If any)*

Country of Citizenship  Ukraine

A-Number *(If any)*

Current Address  *(Street Number and Name)*  16 Sun Country ct

Apt/Suite Number

City  Eustis

State/Province  Florida

Country  USA

ZIP/Postal Code  32726

Telephone Number  (352) 589-2894

List any spouse and/or children immigrating with the immigrant named above in this Part:  *(Use additional sheet of paper if necessary.)*

| Name | Relationship to Sponsored Immigrant | | | Date of Birth | | | A-Number *(If any)* | Social Security Number *(If any)* |
|---|---|---|---|---|---|---|---|---|
|  | Spouse | Son | Daughter | Mo. | Day | Yr. |  |  |
| Zhanna Hrachova |  |  | ✓ | 1 | 17 | 90 |  |  |

tocks and bonds with the follo    , market value, as indicated on the attached lis:   'ch
.y to be true and correct to the bes. .f my knowledge and belief.                    $   _C_____
.ve life insurance in the sum of                                                     $ _100,000_
With a cash surrender value of                                                       $   _O_____
I own real estate valued at                                                          $ _75,000_

With mortgages or other encumbrances thereon amounting to $ _60,000_

Which is located at _16 Sun County Ct. Eustis Fl. ___ 32726_
               (Street and Number)     (City)     (State)     (Zip Code)

8   That the following persons are dependent upon me for support: (Place an "X" in the appropriate column to indicate whether the person named is *wholly* or *partially* dependent upon you for support.)

| Name of Person | Wholly Dependent | Partially Dependent | Age | Relationship to Me |
|---|---|---|---|---|
| NONE |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

9   That I have previously submitted affidavit(s) of support for the following person(s). If none, state *"None"*.

           Name                                Date submitted

None

10.   That I have submitted visa petition(s) to the Immigration and Naturalization Service on behalf of the following person(s). If none state none.

   NONE      Name              Relationship           Date submitted

11.   *(Complete this block only if the person named in item 3 will be in the United States temporarily.)*
That I ☐ do intend  ☐ do not intend, to make specific contributions to the support of the person named in item 3  *(If you check "do intend", indicate the exact nature and duration of the contributions. For example, if you intend to furnish room and board, state for how long and, if money, state the amount in United States dollars and state whether it is to be given in a lump sum, weekly, or monthly; or for how long.)*

## OATH OR AFFIRMATION OF DEPONENT

*I acknowledge that I have read Part III of the Instructions, Sponsor and Alien Liability, and am aware of my responsibilities as an immigrant sponsor under the Social Security Act, as amended, and the Food Stamp Act, as amended.*

*I swear (affirm) that I know the contents of this affidavit signed by me and the statements are true and correct.*

Signature of deponent _Denver Dwayne Cook_

Subscribed and sworn to (affirmed) before me this _24_ day of _MARCH_ , A 2000

at _Eustis, FL_ _____ . My commission expires on _____

Signature of Officer Administering Oath _Donna Sheski_ Title _____

DONNA MARIE SHESKI
MY COMMISSION # CC 637296
EXPIRES: April 9, 2001
Bonded Thru Notary Public Underwriters

*If affidavit prepared by other than deponent, please complete the following: I declare that this document was prepared by me at the request of the deponent and is based on all information of which I have knowledge.*

_____    _____    _____
  (Signature)                    (Address)                  (Date)

## Part 4.   Eligibility to Sponsor        *(Continued)*

### F. Sponsor's Assets and Liabilities

Your assets and those of your qualifying household members and dependents may be used to demonstrate ability maintain an income at or above 125 percent (or 100 percent, if applicable) of the poverty line *if* they are available for support of the sponsored immigrant(s) and can readily be converted into cash within 1 year. The household mem other than the immigrant(s) you are sponsoring, must complete and sign Form I-864A, Contract Between Sponsor Household Member. List the cash value of each asset *after* any debts or liens are subtracted. Supporting evidence mus attached to establish location, ownership, date of acquisition, and value of each asset listed, including any liens liabilities related to each asset listed. See "Evidence of Assets" in Instructions.

| Type of Asset | Cash Value of Assets<br>*(Subtract any debts)* |
|---|---|
| Savings deposits | $ |
| Stocks, bonds, certificates of deposit | $ |
| Life insurance cash value | $ 10000 |
| Real estate | $ 75,000 |
| Other *(specify)* | $ |
| **Total Cash Value of Assets** | $ 75,000 |

## Part 5.   Immigrant's Assets and Offsetting Liabilities

The sponsored immigrant's assets may also be used in support of your ability to maintain income at or above 125 perce of the poverty line *if* the assets are or will be available in the United States for the support of the sponsored immigrant and can readily be converted into cash within 1 year.

The sponsored immigrant should provide information on his or her assets in a format similar to part 4.F. abo Supporting evidence must be attached to establish location, ownership, and value of each asset listed, including any li and liabilities for each asset listed. See "Evidence of Assets" in Instructions.

## Part 6.   Joint Sponsors

If household income and assets do not meet the appropriate poverty line for your household size, a joint sponso required. There may be more than one joint sponsor, but each joint sponsor must individually meet the 125 percent poverty line requirement based on his or her household income and/or assets, including any assets of the sponso immigrant. By submitting a separate Affidavit of Support under Section 213A of the Act (Form I-864), a joint spon accepts joint responsibility with the petitioner for the sponsored immigrant(s) until they become U.S. citizens, can credited with 40 quarters of work, leave the United States permanently, or die.

## Part 7.   Use of the Affidavit of Support to Overcome Public Charge Ground of Inadmissibility

Section 212(a)(4)(C) of the Immigration and Nationality Act provides that an alien seeking permanent residence as immediate relative (including an orphan), as a family-sponsored immigrant, or as an alien who will accompany or fol' to join another alien is considered to be likely to become a public charge and is inadmissible to the United States unle sponsor submits a legally enforceable affidavit of support on behalf of the alien. Section 212(a)(4)(D) imposes the s requirement on an employment-based immigrant, and those aliens who accompany or follow to join the employm based immigrant, if the employment-based immigrant will be employed by a relative, or by a firm in which a relative o a significant interest. Separate affidavits of support are required for family members at the time they immigrate if ' are not included on this affidavit of support or do not apply for an immigrant visa or adjustment of status with months of the date this affidavit of support is originally signed. The sponsor must provide the sponsored immigra whatever support is necessary to maintain them at an income that is at least 125 percent of the Federal poverty guideli

> *I submit this affidavit of support in consideration of the sponsored immigrant(s) not being found inadmissible to the United States under section 212(a)(4)(C) (or 212(a)(4)(D) for an employment-based immigrant) and to enable the sponsored immigrant(s) to overcome this ground of inadmissibility. I agree to provide the sponsored immigrant(s) whatever support is necessary to maintain the sponsored immigrant(s) at an income that is at least 125 percent of the Federal poverty guidelines. I understand that my obligation will continue until my death or the sponsored immigrant(s) have become U.S. citizens, can be credited with 40 quarters of work, depart the United States permanently, or die.*

## Part 4.   Eligibility to Sponsor

To be a sponsor you must be a U.S. citizen or national or a lawful permanent resident. If you are not the petitioner relative, you must provide proof of status. To prove status, U.S. citizens or nationals must attach a copy of a documer proving status, such as a U.S. passport, birth certificate, or certificate of naturalization, and lawful permanent residen must attach a copy of both sides of their Alien Registration Card (Form I-551).

The determination of your eligibility to sponsor an immigrant will be based on an evaluation of your demonstrate ability to maintain an annual income at or above 125 percent of the Federal poverty line (100 percent if you are petitioner sponsoring your spouse or child and you are on active duty in the U.S. Armed Forces). The assessment c your ability to maintain an adequate income will include your current employment, household size, and househol income as shown on the Federal income tax returns for the 3 most recent tax years. Assets that are readily converted t cash and that can be made available for the support of sponsored immigrants if necessary, including any such assets c the immigrant(s) you are sponsoring, may also be considered.

The greatest weight in determining eligibility will be placed on current employment and household income. If petitioner is unable to demonstrate ability to meet the stated income and asset requirements, a joint sponsor who ca meet the income and asset requirements is needed. Failure to provide adequate evidence of income and/or assets or a affidavit of support completed by a joint sponsor will result in denial of the immigrant's application for an immigrar visa or adjustment to permanent resident status.

## A.  Sponsor's Employment

I am:  1. ☑ Employed by _Vann Gennaway chevrolet_ (Provide evidence of employment)
Annual salary $ _26,000_ or hourly wage $ _____ (for _40_ hours per week)

2. ☐ Self employed _____ (Name of business)
Nature of employment or business _____

3. ☐ Unemployed or retired since _____

## B.  Use of Benefits

Have you or anyone related to you by birth, marriage, or adoption living in your household or listed as a dependent o your most recent income tax return received any type of means-tested public benefit in the past 3 years?
☐ Yes    ☑ No  ( If yes, provide details, including programs and dates, on a separate sheet of paper)

## C.  Sponsor's Household Size

Number

1. Number of persons (related to you by birth, marriage, or adoption) living in your residence, including yourself. (Do NOT include persons being sponsored in this affidavit.)  _1_
2. Number of immigrants being sponsored in this affidavit (Include all persons in Part 3.)  _2_
3. Number of immigrants NOT living in your household whom you are still obligated to support under a previously signed affidavit of support using Form I-864.  _0_
4. Number of persons who are otherwise dependent on you, as claimed in your tax return for the most recent tax year.  _0_
5. Total household size.   (Add lines 1 through 4.)   **Total**  _3_

List persons below who are included in lines 1 or 3 for whom you previously have submitted INS Form I-864, *if your support obligation has not terminated.*
*(If additional space is needed, use additional paper)*

| Name | A-Number | Date Affidavit of Support Signed | Relationship |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## Part 7. Use of the Affidavit of Support to Overcome Public Charge Grounds *(Continued)*

**Notice of Change of Address.**

Sponsors are required to provide written notice of any change of address within 30 days of the change in address until the sponsored immigrant(s) have become U.S. citizens, can be credited with 40 quarters of work, depart the United States permanently, or die. To comply with this requirement, the sponsor must complete INS Form I-865. Failure to give this notice may subject the sponsor to the civil penalty established under section 213A(d)(2) which ranges from $250 to $2,000, unless the failure to report occurred with the knowledge that the sponsored immigrant(s) had received means-tested public benefits, in which case the penalty ranges from $2,000 to $5,000.

> *If my address changes for any reason before my obligations under this affidavit of support terminate, I will complete and file INS Form I-865, Sponsor's Notice of Change of Address, within 30 days of the change of address. I understand that failure to give this notice may subject me to civil penalties.*

**Means-tested Public Benefit Prohibitions and Exceptions.**

Under section 403(a) of Public Law 104-193 (Welfare Reform Act), aliens lawfully admitted for permanent residence in the United States, with certain exceptions, are ineligible for most Federally-funded means-tested public benefits during their first 5 years in the United States. This provision does not apply to public benefits specified in section 403(c) of the Welfare Reform Act or to State public benefits, including emergency Medicaid; short-term, non-cash emergency relief; services provided under the National School Lunch and Child Nutrition Acts; immunizations and testing and treatment for communicable diseases; student assistance under the Higher Education Act and the Public Health Service Act; certain forms of foster-care or adoption assistance under the Social Security Act; Head Start programs; means-tested programs under the Elementary and Secondary Education Act; and Job Training Partnership Act programs.

**Consideration of Sponsor's Income in Determining Eligibility for Benefits.**

If a permanent resident alien is no longer statutorily barred from a Federally-funded means-tested public benefit program and applies for such a benefit, the income and resources of the sponsor and the sponsor's spouse will be considered (or deemed) to be the income and resources of the sponsored immigrant in determining the immigrant's eligibility for Federal means-tested public benefits. Any State or local government may also choose to consider (or deem) the income and resources of the sponsor and the sponsor's spouse to be the income and resources of the immigrant for the purposes of determining eligibility for their means-tested public benefits. The attribution of the income and resources of the sponsor and the sponsor's spouse to the immigrant will continue until the immigrant becomes a U.S. citizen or has worked or can be credited with 40 qualifying quarters of work, provided that the immigrant or the worker crediting the quarters to the immigrant has not received any Federal means-tested public benefit during any creditable quarter for any period after December 31, 1996.

> *I understand that, under section 213A of the Immigration and Nationality Act (the Act), as amended, this affidavit of support constitutes a contract between me and the U.S. Government. This contract is designed to protect the United States Government, and State and local government agencies or private entities that provide means-tested public benefits, from having to pay benefits to or on behalf of the sponsored immigrant(s), for as long as I am obligated to support them under this affidavit of support. I understand that the sponsored immigrants, or any Federal, State, local, or private entity that pays any means-tested benefit to or on behalf of the sponsored immigrant(s), are entitled to sue me if I fail to meet my obligations under this affidavit of support, as defined by section 213A and INS regulations.*

**Civil Action to Enforce.**

If the immigrant on whose behalf this affidavit of support is executed receives any Federal, State, or local means-tested public benefit before this obligation terminates, the Federal, State, or local agency or private entity may request reimbursement from the sponsor who signed this affidavit. If the sponsor fails to honor the request for reimbursement, the agency may sue the sponsor in any U.S. District Court or any State court with jurisdiction of civil actions for breach of contract. INS will provide names, addresses, and Social Security account numbers of sponsors to benefit-providing agencies for this purpose. Sponsors may also be liable for paying the costs of collection, including legal fees.

U. S. Department of Justice
Immigration and Naturalization Service

OMB# 1115-0214
## Poverty Guidelines

# 2000 Poverty Guidelines*
## Minimum Income Requirement For Use in Completing Form I-864

### For the 48 Contiguous States, the District of Columbia, Puerto Rico, the U.S. Virgin Islands, and Guam:

| Sponsor's Household Size | 100% of Poverty Line<br>For sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouse or child. | 125% of Poverty Line<br>For all other sponsors |
|---|---|---|
| 2 | $11.250 | $14,062 |
| 3 | 14,150 | 17,687 |
| 4 | 17,050 | 21,312 |
| 5 | 19,950 | 24,937 |
| 6 | 22,850 | 28,562 |
| 7 | 25,750 | 32,187 |
| 8 | 28,650 | 35,812 |
| | Add $2,900 for each additional  person. | Add $3,625 for each additional person. |

| | For Alaska | | For Hawaii | |
|---|---|---|---|---|
| Sponsor's Household Size | 100% of Poverty Line<br>For sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouse or child | 125% of Poverty Line<br>For all other sponsors | 100% of Poverty Line<br>For sponsors on active duty in the U.S. Armed Forces who are petitioning for their spouse or child | 125% of Poverty Lin<br>For all other sponsors |
| 2 | $14,060 | $17,575 | $12,930 | $16,162 |
| 3 | 17,690 | 22,112 | 16,270 | 20,337 |
| 4 | 21,320 | 26,650 | 19,610 | 24,512 |
| 5 | 24,950 | 31,187 | 22,950 | 28,687 |
| 6 | 28,580 | 35,725 | 26,290 | 32,862 |
| 7 | 32,210 | 40,262 | 29,630 | 37,037 |
| 8 | 35,840 | 44,800 | 32,970 | 41,212 |
| | Add $3,630 for each additional person. | Add $4,537 for each additional person. | Add $3,340 for each additional person. | Add $4,175 for each additional person. |

## Means-tested Public Benefits

**Federal Means-tested Public Benefits.** To date, Federal agencies administering benefit programs have determined that Federal means-tested public benefits include Food Stamps, Medicaid, Supplemental Security Income (SSI) Temporary Assistance for Needy Families (TANF), and the State Child Health Insurance Program (CHIP).

**State Means-tested Public Benefits.** Each State will determine which, if any, of its public benefits are means-tested If a State determines that it has programs which meet this definition, it is encouraged to provide notice to the public o which programs are included. Check with the State public assistance office to determine which, if any, State assistance programs have been determined to be State means-tested public benefits.

**Programs Not Included:** The following Federal and State programs are *not* included as means-tested benefits: eme gency Medicaid; short-term, non-cash emergency relief; services provided under the National School Lunch and Chil Nutrition Acts; immunizations and testing and treatment for communicable diseases; student assistance under the Higher Education Act and the Public Health Service Act; certain forms of foster-care or adoption assistance under the Social Security Act; Head Start Programs; means-tested  programs under the Elementary and Secondary Education Ac and Job Training Partnership Act programs.

* **These poverty guidelines remain in effect for use with the Form I-864 Affidavit of Support from April 1, 2000 until new poverty guidelines go into effect in the Spring of 2001.**

## Part 7.   Use of the Affidavit of Support to Overcome Public Charge Grounds   *(Continued)*

*I acknowledge that section 213A(a)(1)(B) of the Act grants the sponsored immigrant(s) and any Federal, State, local, or private agency that pays any means-tested public benefit to or on behalf of the sponsored immigrant(s) standing to sue me for failing to meet my obligations under this affidavit of support. I agree to submit to the personal jurisdiction of any court of the United States or of any State, territory, or possession of the United States if the court has subject matter jurisdiction of a civil lawsuit to enforce this affidavit of support. I agree that no lawsuit to enforce this affidavit of support shall be barred by any statute of limitations that might otherwise apply, so long as the plaintiff initiates the civil lawsuit no later than ten (10) years after the date on which a sponsored immigrant last received any means-tested public benefits.*

**Collection of Judgment.**

*I acknowledge that a plaintiff may seek specific performance of my support obligation.  Furthermore, any money judgment against me based on this affidavit of support may be collected through the use of a judgment lien under 28 U.S.C. 3201, a writ of execution under 28 U.S.C. 3203, a judicial installment payment order under 28 U.S.C. 3204, garnishment under 28 U.S.C. 3205, or through the use of any corresponding remedy under State law.  I may also be held liable for costs of collection, including attorney fees.*

**Concluding Provisions.**

I, ___*Denver Dewayne Cook*___ *certify under penalty of perjury under the laws of the United States that:*

    *(a)  I know the contents of this affidavit of support signed by me;*
    *(b)  All the statements in this affidavit of support are true and correct;*
    *(c)  I make this affidavit of support for the consideration stated in Part 7, freely, and without any mental reservation or purpose of evasion;*
    *(d)  Income tax returns submitted in support of this affidavit are true copies of the returns filed with the Internal Revenue Service; and*
    *(e)  Any other evidence submitted is true and correct.*

_____*Denver Dewayne Cook*_____      _____*9-29-00*_____
    *(Sponsor's Signature)*               *(Date)*

Subscribed and sworn to *(or affirmed)* before me this

__*29*__ day of __*September*__ , __*2000*__
         *(Month)*          *(Year)*

at _____

My commission expires on __*September 22, 2001*__

_____*Tonya Hemminger*_____
*(Signature of Notary Public or Officer Administering Oath)*

TONYA J. HEMMINGER
MY COMMISSION # CC 662165
EXPIRES: September 22, 2001
Bonded Thru Notary Public Underwriters

_____
        *(Title)*

## Part 8.   If someone other than the sponsor prepared this affidavit of support, that person must complete the following:

I certify under penalty of perjury under the laws of the United States that I prepared this affidavit of support at the sponsor's request, and that this affidavit of support is based on all information of which I have knowledge.

| Signature | Print Your Name | Date | Daytime Telephone Number |
|---|---|---|---|
| | | | ( ) |

Firm Name and Address

LEXSEE 2006 U.S. DIST. LEXIS 26602

MARIA VOLODINA CHESHIRE, Plaintiff, vs. WALTER MAXWELL
CHESHIRE, Defendant.

Case No. 3:05-cv-00453-TJC-MCR

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
FLORIDA, JACKSONVILLE DIVISION

*2006 U.S. Dist. LEXIS 26602*

May 4, 2006, Decided; Nunc Pro Tunc to April 26, 2006

**PRIOR HISTORY:** *Cheshire v. Cheshire, 2006 U.S. Dist. LEXIS 12885 (M.D. Fla., Mar. 10, 2006)*

LexisNexis(R) Headnotes

*Immigration Law > Admission > General Overview*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN1] Generally, aliens applying for admission to the United States must present certain documents, such as a valid unexpired immigrant visa and an unexpired passport, in order to enter the country. *8 U.S.C.S. § 1181(a)*. However, certain classes of aliens are ineligible to receive visas, to gain admission to the United States, or to seek adjustment of immigrant status. *8 U.S.C.S. § 1182(a)*. These classes include, but are not limited to, aliens with specific health-related problems (*8 U.S.C.S. § 1182(a)(1)*), aliens with certain criminal backgrounds (*8 U.S.C.S. § 1182(a)(2)*), aliens that pose distinct security concerns (*8 U.S.C.S. § 1182(a)(3)*), and aliens likely to become public charges (*8 U.S.C.S. § 1182(a)(4)*).

*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN2] In determining whether an alien is inadmissible as a public charge, the consular officer or the U.S. Attorney General will consider, at a minimum, the alien's age; health; family status; assets, resources, and financial status; and education and skills. *8 U.S.C.S. § 1182(a)(4)(B)(i)*. In addition to these factors, the officer or Attorney General may also consider any affidavit of support executed on the alien's behalf. *8 U.S.C.S. § 1182(a)(4)(B)(ii)*. For family-sponsored immigrants, as opposed to employment-based immigrants, an immigrant seeking admission or adjustment of immigrant status will be inadmissible unless the alien has obtained status as a spouse of a United States citizen or status under another acceptable classification, and the person petitioning for the alien's admission has executed an affidavit of support described in *8 U.S.C.S. § 1183a*. *8 U.S.C.S. § 1182(a)(4)(c)*.

*Contracts Law > Formation > General Overview*
*Immigration Law > Admission > General Overview*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN3] In the past, Immigration and Naturalization Service used Form I-134 as the statutory affidavit of support necessary to overcome the public charge ground of inadmissibility for a sponsored immigrant. However, Form I-134 was typically submitted at the discretion of the visa applicant. Form I-134 provided some limited assurance that a third party was willing to assist the visa applicant so that he or she would not become a public charge, and provided for support of the sponsored immigrant for only three years. However, federal courts have consistently found that Form I-134 is not a legally enforceable contract against a sponsor by a sponsored immigrant.

*Contracts Law > Formation > General Overview*
*Immigration Law > Admission > General Overview*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN4] Where a defendant signs the affidavit of support on Form I-134, instead of on Form I-864, the defendant has not signed a legally binding contract.

*Immigration Law > Admission > Selection System > Preferences & Priorities*

[HN5] Regulations provide that Form 1-864 applies to applications for visas or adjustments of immigrant status filed on or after December 19, 1997. *8 C.F.R. § 213a.2(a)(2)(i).*

*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN6] The language of *8 U.S.C.S. § 1183a* prescribes the statutory requirements of the Form 1-864 affidavit of support. *8 U.S.C.S. § 1183a.* Under the statute, an affidavit of support filed on behalf of an immigrant to establish that an immigrant is not excludable as a public charge is enforceable as a contract. *8 U.S.C.S. § 1183a(a)(1).*

*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN7] See *8 U.S.C.S. § 1183a(a)(1).*

*Contracts Law > Formation > General Overview*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN8] In addition to the statutory language of *8 U.S.C.S. § 1183a(a)(1)*, the express terms of Form 1-864 provide that by signing the form, the signer obligates himself to provide the sponsored immigrant(s) whatever support is necessary to maintain the sponsored immigrant(s) at an income that is at least 125 percent of the Federal poverty guidelines. By executing Form I-864, the signer agrees to its terms, acknowledging that *8 U.S.C.S. § 1183a(a)(1)(B)* of the Immigration and Nationality Act grants the sponsored immigrant(s) standing to sue him for failing to meet his obligations under this affidavit of support. The signer agrees to submit to the personal jurisdiction of any court of the United States or of any State, territory, or possession of the United States if the court has subject matter jurisdiction of a civil lawsuit to enforce this affidavit of support. Thus, the very terms of Form I-864 bind the signer to provide the sponsored immigrant with the requisite amount of support.

*Contracts Law > Formation > General Overview*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN9] Federal courts have consistently found that Form 1-864 constitutes a legally binding and enforceable contract between a sponsored immigrant and the sponsor executing the form.

*Contracts Law > Defenses > Fraud & Misrepresentation > General Overview*

*Contracts Law > Defenses > Fraud & Misrepresentation > Material Misrepresentation*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN10] Where a sponsored immigrant never intended to enter into a lasting marital relationship, but was merely using the sponsor to gain immigrant status, it could be argued that the marriage was the result of fraudulent inducement on the part of the sponsored immigrant; however, the sponsor has the burden of proving that the immigrant committed such fraud.

*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN11] Pursuant to the Immigration and Nationality Act and the terms of Form I-864, a sponsor's support obligations to the sponsored immigrant under an affidavit of support terminate only upon the occurrence of one of five circumstances: (1) the sponsor's death, (2) the sponsored immigrant's death, (3) the sponsored immigrant becoming a U.S. citizen, (4) the sponsored immigrant permanently departing the U.S., or (5) the sponsored immigrant being credited with a total of 40 qualifying quarters of work. *8 U.S.C.S. § 1183a(a)(2), (3); 8 C.F.R. § 213a.2(e).* A qualifying quarter is a unit of wages in covered employment," under the Social Security Act. The majority of sponsored immigrants will have to work ten years to meet the 40 quarters requirement, as a maximum of four quarters can be earned in a year. However, sponsored immigrants can be credited with quarters earned by the immigrant's spouse during the marriage, but only if the alien remains married to that spouse, which is inapplicable in this case where the parties are divorced. *8 U.S.C.S. § 1183a(a)(3)(B)(ii).* Neither the statute nor any regulations require that the sponsored immigrant notify the sponsor when any of the five conditions has been satisfied.

*Contracts Law > Formation > General Overview*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN12] Because financial obligations under the affidavit of support terminate only upon the occurrence of one of the five listed circumstances, divorce will not invalidate the contract created by the affidavit of support. As such, a spouse sponsoring an immigrant spouse can be liable under the affidavit of support even after divorce. Indeed, instructions accompanying the affidavit of support Form I-864 provide that "divorce does not terminate the obligation" of a sponsor to support the sponsored immigrant. Moreover, federal courts have found that divorce between a sponsored immigrant and a sponsor does not

necessarily negate a sponsor's financial liability under an affidavit of support.


*Contracts Law > Remedies > Compensatory Damages > Consequential Damages*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN13] *8 U.S.C.S. § 1183a* and the terms of Form I-864 provide for the appropriate measure of damages that would put plaintiff in as good a position as she would have been had the contract been performed.


*Contracts Law > Remedies > Compensatory Damages > General Overview*
*Contracts Law > Remedies > Compensatory Damages > Consequential Damages*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN14] A sponsor's financial obligation under the affidavit of support should be reduced by the amount of any income or benefits the sponsored immigrant receives from other sources. Moreover, the express terms of Form I-864 provide that a sponsored immigrant's assets may also be used in support of a sponsor's ability to maintain income at or above 125 percent of the poverty line if the assets are or will be available in the United States for the support of the sponsored immigrant(s).


*Civil Procedure > Judgments > Entry of Judgments > Enforcement & Execution > Garnishments*
*Civil Procedure > Judgments > Entry of Judgments > Enforcement & Execution > Writs of Execution*
*Civil Procedure > Remedies > Judgment Liens > Enforcement*
*Contracts Law > Remedies > Compensatory Damages > Consequential Damages*
*Immigration Law > Admission > Selection System > Preferences & Priorities*
[HN15] The terms of Form I-864 provide that any money judgment against a sponsor based on this affidavit of support may be collected through the use of a judgment lien under *28 U.S.C.S. 3201*, a writ of execution under *28 U.S.C.S. 3203*, a judicial installment payment order under *28 U.S.C.S. 3204*, garnishment under *28 U.S.C.S. 3205*, or through the use of any corresponding remedy under state law. A sponsor may also be held liable for costs of collection, including attorney's fees.


COUNSEL: [*1] Maria Volodina Cheshire, Plaintiff, Pro se, Jacksonville, FL.

For Walter Maxwell Cheshire, Defendant: Sandra K. Haas, Sandra K. Haas, Attorney at Law, Branford, FL.

For Walter Maxwell Cheshire, Counter Claimant: Sandra K. Haas, Sandra K. Haas, Attorney at Law, Branford, FL.

JUDGES: TIMOTHY J. CORRIGAN, United States District Judge.

OPINION BY: TIMOTHY J. CORRIGAN

OPINION

FINDINGS OF FACT AND CONCLUSIONS OF LAW

   1

   Pro-se plaintiff, Maria Cheshire, a Russian immigrant living in the United States under permanent resident status, filed her complaint against defendant, Walter Cheshire, her ex-husband and a U.S. citizen, under § 213A of the Immigration and Nationality Act (INA), codified at *8 U.S.C. § 1183a*, seeking to enforce two affidavits of support, Form I-134 and Form I-864, signed by defendant on plaintiff's behalf. (Doc. 1.) By the Order denying all pending motions and setting case for final hearing (Doc. 53), the Court determined it has subject matter jurisdiction over this action, predicated upon *8 U.S.C. § 1183a* and *28 U.S.C. § 1331*.

> 1 Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the matter addressed herein and is not intended for official publication or to serve as precedent.

[*2] At the March 24, 2006 final hearing, all parties were present, and the Court heard testimony from witnesses for both sides. (See Doc. 56.) In addition to defendant testifying on his own behalf, witnesses Norman Richard Storch and Earl Monroe Frazer testified for defendant at the hearing. Plaintiff was the sole witness testifying on her behalf. After careful consideration of the record and relevant law, this case is ready for decision pursuant to *Rule 52(a), Federal Rules of Civil Procedure*.I. Findings of Fact

The facts are derived from the hearing testimony, the parties' filed papers, and the exhibits admitted during the final hearing. In 1997, plaintiff was living in Buenos Aires, Argentina when she first met the defendant. The couple had been communicating with each other prior to this meeting and defendant testified that he went to meet plaintiff in Argentina with the intention of getting mar-

ried; the two were married there in June 1997. Upon his first attempt to obtain an exit visa for plaintiff to leave Argentina and return with defendant to the United States, defendant had to sign an affidavit of support.. This affidavit [*3] of support, Form I-134, was executed by defendant on August 18, 1997. However, U.S. immigration authorities denied plaintiff admission to the United States at that time. Subsequently, defendant returned to the United States alone, leaving plaintiff, his new wife, in Buenos Aires.

On January 9, 1998, defendant made a second attempt to have plaintiff admitted to the United States. At that time, defendant filled out a packet of immigration paperwork on plaintiff's behalf and executed another affidavit of support, this time on Form I-864. Shortly thereafter, in mid-January 1998, plaintiff was admitted to the United States. On January 25, 1998, plaintiff was issued a permanent resident card by the United States Immigration and Naturalization Service (INS).

Although evidence is conflicting as to the dynamics of the relationship between the parties after the time plaintiff was admitted to the United States, the parties were divorced in 2001. On September 28, 2001, the Circuit Court, Third Judicial Circuit, in and for Suwannee County, Florida issued a Partial Final Judgment of Dissolution of Marriage dissolving the parties' marriage, but reserving all other issues for a final hearing. The [*4] Florida court issued a Supplemental Final Judgment of Dissolution of Marriage on December 20, 2001, making a final determination on support issues between the parties: the court did not award alimony or support to either party, and the state judge did not address the issue of any obligation under the affidavits of support at issue here.

## II. Conclusions of Law

### A. INA Background

[HN1] Generally, aliens applying for admission to the United States must present certain documents, such as a valid unexpired immigrant visa and an unexpired passport, in order to enter the country. 8 U.S.C. § 1181(a). However, certain classes of aliens are ineligible to receive visas, to gain admission to the United States, or to seek adjustment of immigrant status. 8 U.S.C. § 1182(a). These classes include, but are not limited to, aliens with specific health-related problems (8 U.S.C. § 1182(a)(1)), aliens with certain criminal backgrounds (8 U.S.C. § 1182(a)(2)), aliens that pose distinct security concerns (8 U.S.C. § 1182(a)(3)), and aliens likely to become public charges (8 U.S.C. § 1182(a)(4) [*5] ). [HN2] In determining whether an alien is inadmissible as a public charge, the consular officer or the U.S. Attorney General will consider, at a minimum, the alien's age; health; family status; assets, resources, and financial status; and education and skills. 8 U.S.C. § 1182(a)(4)(B)(i). In addition to these factors, the officer or Attorney General may also consider any affidavit of support executed on the alien's behalf. 8 U.S.C. § 1182(a)(4)(B)(ii). For family-sponsored immigrants, as opposed to employment-based immigrants, an immigrant seeking admission or adjustment of immigrant status will be inadmissible unless the alien "has obtained status as a spouse . . . of a United States citizen" or status under another acceptable classification, and "the person petitioning for the alien's admission . . . has executed an affidavit of support described in section 1183a . . . ." 8 U.S.C. § 1182(a)(4)(c)).

### B. Form I-134

[HN3] In the past, INS used Form I-134 as the statutory affidavit of support necessary to overcome the public charge ground of inadmissability for a sponsored immigrant. Charles Wheeler, The Affidavit of Support [*6] and Sponsorship Requirement, 98-06 Immigr. Briefings 1 (1998). However, Form I-134 was typically submitted at the discretion of the visa applicant. Id. Form I-134 "provided some limited assurance that a third party was willing to assist the visa applicant so that he or she would not become a public charge," and provided for support of the sponsored immigrant for only three years. Id. However, federal courts have consistently found that Form I-134 is not a legally enforceable contract against a sponsor by a sponsored immigrant. See, e.g., Tornheim v. Kohn, 2002 U.S. Dist. LEXIS 27914, No. 00 CV 5084(SJ), 2002 WL 482534, at *1, *5 (E.D.N.Y. Mar. 26, 2002) (finding that because [HN4] defendant signed the affidavit of support on Form I-134, instead of on Form I-864, defendant had not signed a legally binding contract); Stump v. Stump, 2005 U.S. Dist. LEXIS 16022, No. 1:04-CV-253-TS, 2005 WL 1290658, at *1, *4 (N.D. Ind. May 27, 2005) (finding Form I-134 to be "a nonenforceable promise by the sponsor to support the alien"). In the case before the Court, though defendant executed Form I-134 on the plaintiff's behalf, it is not a binding contract between the parties: thus, plaintiff, the sponsored immigrant, [*7] cannot enforce its terms. Nevertheless, defendant also executed a second affidavit of support on Form I-864.

### C. Form I-864

[HN5] Regulations provide that Form I-864 applies to applications for visas or adjustments of immigrant status filed on or after December 19, 1997. 8 C.F.R. § 213a.2(a)(2)(i). Despite the fact that defendant's signature appears on the Form I-864, defendant testified that he did not "have any recollection" of signing this form. However, after reviewing the signed Form I-864 at the hearing, defendant acknowledged that it was his signa-

ture, dated January 9, 1998, appearing on that form and that he had sent in a packet of documents to the authorities about that time to try to get a visa for plaintiff.

[HN6] The language of *Section 1183a* prescribes the statutory requirements of the Form I-864 affidavit of support. See *8 U.S.C. § 1183a*. Under the statute, an affidavit of support filed on behalf of an immigrant to establish that an immigrant is not excludable as a public charge is enforceable as a contract. *8 U.S.C. § 1183a(a)(1)*. *Section 1183a(a)(1)*, provides that:

> [HN7] No affidavit of support [*8] may be accepted by the Attorney General or by any consular officer to establish that an alien is not excludable as a public charge under *section 1182(a)(4)* of this title unless such affidavit is executed by a sponsor of the alien as a contract:
>
> > (A) in which the sponsor agrees to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable:
> >
> > (B) that is legally enforceable against the sponsor by the sponsored alien, the Federal Government, any State . . . or by any other entity that provides any means-tested public benefit . . . : and
> >
> > (C) in which the sponsor agrees to submit to the jurisdiction of any Federal or State court for the purpose of actions brought under subsection (b)(2) of this section.

*8 U.S.C. § 1183a(a)(1)* (emphasis added).

[HN8] In addition to the statutory language, the express terms of Form I-864 provide that by signing the form, defendant obligated himself "to provide the sponsored immigrant(s) whatever support is necessary to maintain the sponsored immigrant(s) at an income that is

at [*9] least 125 percent of the Federal poverty guidelines." (Doc. 1 at 7, Affidavit of Support Form I-864 at 4.) By executing Form I-864, defendant agreed to its terms, "acknowledging that *section 213A(a)(1)(B)* of the [INA] grants the sponsored immigrant(s) . . . standing to sue me for failing to meet my obligations under this affidavit of support." (Doc. 1 at 9, Affidavit of Support Form I-864 at 6.) Defendant "agree[d] to submit to the personal jurisdiction of any court of the United States or of any State, territory, or possession of the United States if the court has subject matter jurisdiction of a civil lawsuit to enforce this affidavit of support." (Id.) Thus, the very terms of Form I-864 bind defendant to provide plaintiff with the requisite amount of support.

Further, [HN9] federal courts in other jurisdictions have consistently found that Form I-864 constitutes a legally binding and enforceable contract between a sponsored immigrant and the sponsor executing the form. *See Schwartz v. Schwartz, No. CIV-04-770-M, 2005 U.S. Dist. LEXIS 43936, 2005 WL 1242171, at *1,*2 (W.D. Okla. May 10, 2005)* (finding affidavit of support Form I-864 signed by ex-husband sponsor on ex-wife sponsored immigrant's [*10] behalf a valid and enforceable contract); *Stump, 2005 U.S. Dist. LEXIS 26022, 2005 WL 1290658, at *1, *10, *11* (finding Form I-864 a binding contract and enforcing its terms, where form was executed by husband sponsor on wife sponsored immigrant's behalf, even where divorce was pending between husband and wife); *Ainsworth v. Ainsworth, No. 02-1137-A, 2004 U.S. Dist. LEXIS 28961, at *1, *7-8 (M.D. La. May 27, 2004)* (finding affidavit of support Form I-864 an enforceable contract between ex-wife sponsored immigrant and ex-husband sponsor). Both by law and by its terms, Form I-864, signed by defendant, is a valid contract.

D. Enforceability of Form I-864

Defendant asserts that even if the Court finds Form I-864 to be a valid contract between the parties, the contract was entered into under fraud or duress, it is unconscionable, lacks consideration, and plaintiff breached the contract. [HN10] Where a sponsored immigrant "never intended to enter into a lasting marital relationship, but was merely using the sponsor to gain immigrant status," it could be argued that the marriage was the result of fraudulent inducement on the part of the sponsored immigrant; however, the sponsor has the [*11] burden of proving that the immigrant committed such fraud. Charles Wheeler, Alien vs. Sponsor: Legal Enforceability of the Affidavit of Support, 10-23 Bender's Immigr. Bull. 3 (2005).

After a careful review of the evidence, the Court rejects defendant's argument that he was fraudulently induced into signing Form I-864. The Court finds a lack of

evidence adequate to prove that plaintiff defrauded defendant into signing Form I-864 with a promise of marriage that she had no intention of maintaining. While the marriage was beset by problems early on, there is insufficient evidence that plaintiff, from the beginning, had no intention to remain married once she came to the United States.

Similarly, the Court fails to find evidence that the affidavit of support Form I-864 was an unconscionable or illusory contract, that plaintiff breached the contract, or that there was a lack of consideration. Under the terms of the affidavit, the consideration for defendant's promise to support plaintiff was plaintiff being granted entry into the United States. By signing Form I-864, defendant agreed to "submit this affidavit in consideration of the sponsored immigrant(s) not being found [*12] inadmissible to the United States . . . and to enable the sponsored immigrant to overcome [the public charge] ground of inadmissibility." (Doc. 1 at 7, Affidavit of Support Form I-864 at 4.) As such, the Court finds insufficient evidence to support any of the asserted defenses against the validity of the Form I-864 that defendant signed.

E. Effect of Parties' Divorce on Support Obligation

[HN11] Pursuant to the INA and the terms of Form I-864, a sponsor's support obligations to the sponsored immigrant under an affidavit of support terminate only upon the occurrence of one of five circumstances: 1) the sponsor's death, 2) the sponsored immigrant's death, 3) the sponsored immigrant becoming a U.S. citizen, 4) the sponsored immigrant permanently departing the U.S., or 5) the sponsored immigrant being credited with a total of 40 qualifying quarters of work. 8 U.S.C. § 1183a(a)(2), (3); 8 C.F.R. § 213a.2(e); Doc. 1 at 7, Affidavit of Support Form I-864 at 4. "A qualifying quarter is a unit of wages in covered employment," under the Social Security Act. Wheeler, The Affidavit, supra, at 20. The majority of sponsored immigrants will have [*13] to work ten years to meet the 40 quarters requirement, as a maximum of four quarters can be earned in a year. Id. However, sponsored immigrants can be credited with quarters earned by the immigrant's spouse during the marriage, but only if the alien remains married to that spouse, which is inapplicable in this case where the parties are divorced. 8 U.S.C. § 1183a(a)(3)(B)(ii). Neither the statute nor any regulations require that the sponsored immigrant "notify the sponsor when any of the [five] conditions has been satisfied." Wheeler, The Affidavit, supra, at 21. Thus, it is likely difficult for a sponsor to know when his obligations under the affidavit of support end. Id.

[HN12] Because financial obligations under the affidavit of support terminate only upon the occurrence of

one of the five circumstances above, divorce will not invalidate the contract created by the affidavit of support. Id. As such, a spouse sponsoring an immigrant spouse can be liable under the affidavit of support even after divorce. Id. Indeed, instructions accompanying the affidavit of support Form I-864 provide that "divorce does not terminate the obligation" of a sponsor [*14] to support the sponsored immigrant. (Doc. 1 at 10, Affidavit of Support Instructions at 1.) Moreover, federal courts have found that divorce between a sponsored immigrant and a sponsor does not necessarily negate a sponsor's financial liability under an affidavit of support. See, e.g., Schwartz, 2005 U.S. Dist. LEXIS 43936, 2005 WL 1242171, at *2 (finding that "a sponsor and a sponsored immigrant's divorce does not automatically terminate the sponsor's obligations under the affidavit of support," in case where plaintiff, permanent resident alien of the U.S. and defendant's ex-wife, brought suit against ex-husband sponsor seeking to enforce affidavit of support); see also Stump, 2005 U.S. Dist. LEXIS 26022, 2005 WL 1290658, at *10 (holding former husband, sponsor, liable to former wife, sponsored immigrant, for financial support under terms of affidavit of support where parties' divorce was pending); Ainsworth, 2004 U.S. Dist. LEXIS 2896, at *6 (noting that divorce did not end enforceability of affidavit of support contract). Thus, that the parties in this case are divorced does not alleviate defendant's obligation to support plaintiff according to Section 1183a and the terms of Form I-864.

[*15] F. Remedy

Based on the evidence, the Court finds that defendant in fact supported plaintiff up through the parties' divorce in late 2001. Thus, the evidence establishes that defendant honored his support obligation to plaintiff from January 8, 1998, the date defendant signed the affidavit of support, until the 2001 divorce. Defendant testified that he has not provided plaintiff any kind of support since the divorce (he was not required to pay alimony under the divorce decree). As such, the Court finds that defendant is only liable to plaintiff for support after the date of the parties' final divorce resolution on December 20, 2001.

[HN13] Section 1183a and the terms of Form I-864 provide for the appropriate "measure of damages that would put plaintiff in as good a position as she would have been had the contract been performed." Stump, 2005 U.S. Dist. LEXIS 26022, 2005 WL 2757329, at * 8. Accordingly, from December 20, 2001 forward defendant remains obligated to provide plaintiff with support equal to 125% of the federal poverty guidelines. Pursuant to the Federal Register, for a household size of one person, the poverty guidelines for 2001, 2002, 2003, 2004, 2005, and 2006 are as follows:

|        |           |
|--------|-----------|
|        | [2] $ 8.590 |
| 2002:  | [3] $ 8.860 |
| 2003:  | [4] $ 8.980 |
| 2004:  | [5] $ 9.310 |
| 2005:  | [6] $ 9.570 |
| 2006:  | [7] $ 9.800 |

[*16]

2   *Annual Update of the HHS Poverty Guidelines, 66 Fed. Reg. 10695 (Feb. 16, 2001).*
3   *Annual Update of the HHS Poverty Guidelines, 67 Fed. Reg. 6931, 6932 (Feb. 14, 2002).*
4   *Annual Update of the HHS Poverty Guidelines, 68 Fed. Reg. 6456, 6457 (Feb. 7, 2003).*
5   *Annual Update of the HHS Poverty Guidelines, 69 Fed. Reg. 7336 (Feb. 13, 2004).*

6   *Annual Update of the HHS Poverty Guidelines, 70 Fed. Reg. 8373, 8374 (Feb. 18, 2005).*
7   *Annual Update of the HHS Poverty Guidelines, 71 Fed. Reg. 3848 (Jan. 24, 2006).*

The following figures represent 125% of the above federal poverty levels. calculated by a pro rata amount for 2001, based on the date of the parties' divorce, on December 20, 2001, and calculated for the 2006 year-to-date, April 26, 2006:

| 2001: | $ 10,737.50 - (10,737.50 x 354/365) = $ 323.60 |
|-------|------------------------------------------------|
| 2002: | $ 11,075 |
| 2003: | $ 11,225 |
| 2004: | $ 11,637.50 |
| 2005: | $ 11,962.50 |
| 2006: | $ 12,250 x 116/365 = $ 3,893.15 |



[*17]  Total of 125% of federal poverty level for 2001-2006 = $ 50,116.75

[HN14] A sponsor's financial obligation under the affidavit of support should be reduced by the amount of any income or benefits the sponsored immigrant receives from other sources. Wheeler. The Affidavit, supra, at 7. Moreover, the express terms of Form I-864 provide that a "sponsored immigrant's assets may also be used in support of [a sponsor's] ability to maintain income at or above 125 percent of the poverty line *if* the assets are or will be available in the United States for the support of the sponsored immigrant(s) . . . ." (Doc. 1 at 7, Affidavit of Support Form I-864 at 4.) As such, the Court will reduce the total amount of support ($ 50,116.75) defendant owes plaintiff by the total amount of plaintiff's income and benefits earned since the date of the parties' divorce in 2001. Although both parties did a poor job of providing evidence of these amounts, after careful review of all the evidence, the Court finds that plaintiff has received the following income and benefits since the date of the divorce:

1. $ 371 in gross wages from Florida Times-Union earned from December 19. 2001 through December 28, 2001 (pay [*18] date of January 3, 2002). (Doc. 1 at 20.) [8]

2. $ 11,088 in gross wages in 2002 based on plaintiff's calculation in her motion for summary judgment prayer for relief. (Doc. 43 at 4.)

3. $ 11,088 in gross wages in 2003 based on plaintiff's calculation in her motion for summary judgment prayer for relief. (Doc. 43 at 4.) [9]

4. $ 4,804.79 in gross wages from North Florida Chiropractic & Rehabilitation Center in 2004. (Plaintiff's Composite Exhibit, 2004 W-2.)

5. $ 7,835.75 in gross wages from Shivers Trading and Operating Company in 2004. (Plaintiff's Composite Exhibit, 2004 W-2.)

6. $ 6,608 in gross wages from Morris Publishing Group in 2004. (Doc. 1 at 21.) [10]

The total amount of income received from these sources (items 1-6) is $ 41,795.54. [11] Accordingly, plaintiffs total damages are calculated as follows:

Total of 125% of federal poverty level for relevant dates from 2001-2006 = $ 50,116.75

Total adjusted for income received: $ 50,116.75 - $ 41,795.54 = $ 8,321.21

8 At the final hearing, plaintiff testified that she worked for the Florida Times-Union for more than three years and that she had a part-time job at a rate of $ 7. It appears that this figure of $ 371, as provided on a 2002 pay stub, supports plaintiff's testimony.

[*19]
9 In plaintiff's motion for summary judgment (Doc. 43 ), plaintiff asserted that she had a job from 2001-2004 in which she calculated earnings at $ 11,088.00 per year. (Id. at 4.)

10 Neither party has provided evidence as to any income or benefits plaintiff received in 2005 or in the 2006 year-to-date.

11 There is limited evidence that plaintiff received food stamps during the period after the parties' divorce. However, there is no direct evidence as to the value of the food stamps. As such, the Court cannot determine the amount of set-off from any food stamps.

### III. Conclusion

Based upon the above figures, defendant owes plaintiff $ 8,321.21 for past support accumulated between the date of the divorce and April 26, 2006. Judgment will be entered against defendant in that amount. Defendant's obligation to sponsor plaintiff will continue until such time as the obligation expires by law. Under the language of *8 U.S.C. § 1183a*, only the happening of one of the five outlined events will terminate defendant's obligation of support. [12] Thus, until [*20] one of the events transpires, defendant must continue to maintain plaintiff at 125% of the current federal poverty level.

12 While the Court recognizes that plaintiff has worked some, there is no requirement that plaintiff continue to work or that she obtain 40 qualifying quarters to relieve defendant of his obligation. See *8 U.S.C. § 1183a*; Doc. 1 at 4-9, Form I-864.

At the final hearing, defendant testified that at his present income level, he does not have adequate financial resources to pay his support obligations to plaintiff. Although the Court finds some evidence of defendant's inability to pay plaintiff under this judgment, the issue of whether defendant can pay is irrelevant to the issue of defendant's liability. The judgment is against defendant; however, it is up to plaintiff to use lawful methods to try to collect the judgment. [13]

13 By signing the affidavit of support, defendant "acknowledge[d] that [] plaintiff may seek specific performance of [the] support obligation." (Doc. 1 at 9, Affidavit of Support Form I-864 at 6.) [HN15] The terms of Form I-864 provide that "any money judgment against [a sponsor] based on this affidavit of support may be collected through the use of a judgment lien under *28 U.S.C. 3201*, a writ of execution under *28 U.S.C. 3203*, a judicial installment payment order under *28 U.S.C. 3204*, garnishment under *28 U.S.C. 3205*, or through the use of any corresponding remedy under State law." (Doc. 1 at 9, Affidavit of Support Form I-864 at 6.) A sponsor "may also be held liable for costs of collection, including attorney's fees." (Doc. 1 at 9, Affidavit of Support Form I-864 at 6.) Because plaintiff represented herself, there are no attorney's fees.

[*21] Accordingly, it is hereby

### ORDERED:

1. The Clerk is directed to enter judgment in favor of plaintiff, Maria Cheshire, and against defendant, Walter Cheshire, in the amount of $ 8,321.21, nunc pro tunc to April 26, 2006. Defendant's future obligation to support plaintiff at 125% of the then existing federal poverty guidelines shall continue until such time as the obligation expires by law. *8 U.S.C. § 1183a(a)(2), (3)*; *8 C.F.R. § 213a.2(e)*.

2. Defendant's Motion to Strike Plaintiff's March 27, 2006 Miscellaneous Motion (Doc. 58) is **GRANTED** because plaintiff's motion was an unauthorized post-hearing submission. Plaintiff's Miscellaneous Motion (Doc. 57) is hereby **STRICKEN** and removed from the files of the Court. The Court directs the Clerk to return plaintiff's Miscellaneous Motion and attached exhibits to her.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of May, 2006, nunc pro tunc to April 26, 2006.

TIMOTHY J. CORRIGAN

United States District Judge