UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

IRYNA HRACHOVA, individually and on behalf
of Zhanna Hrachova,

        Plaintiff,

v.                                                          Case No.  5:09-cv-95-Oc-GRJ

DENVER DEWAYNE COOK,

        Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Motion To Amend The Final Judgment. (Doc. 46.)  Defendant has not filed a response in opposition and his time for doing so has passed.  Accordingly, this matter is ripe for review.

On November 4, 2009, the Clerk entered Judgment

in favor of Plaintiff, Iryna Hrachova, individually and o/b/o Zhanna Hrachova and against Defendant, Denver Dewayne Cook in the sum of $103,197.44 and; Defendant's future obligation to support Plaintiff at 125% of the then existing poverty level shall continue until such time as the obligation expires by law.

(Doc. 45.)

On November 24, 2009, Plaintiff filed the instant motion asking the Court to amend the final judgment to include pre-judgment and post-judgment interest.

A post judgment motion for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure.[1] Pursuant to Rule 59 the only grounds for granting a Rule 59(e) motion are

---

[1] Osterneck v. Ernst & Whinney, 489 U.S. 169, 175 (1989).

newly-discovered evidence or manifest errors of law or fact.[2]  "[A] Rule 59(e) motion [cannot be used] "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[3]

With regard to Plaintiff's request for an award of prejudgment interest, Plaintiff is attempting to raise new issues for the first time that she could have made, but she neglected to make, before the entry of Judgment.  Plaintiff never offered any evidence at the trial establishing her entitlement to prejudgment interest, nor did she present any calculation of the amount of prejudgment interest claimed. Such a calculation, at a minimum, would require evidence of the exact date(s) any payments were made by Defendant and evidence of a date certain when payment was due. Plaintiff did not present this evidence and instead calculated the entire sums Plaintiff was due each year and then from that total she subtracted the total amount of payments received.

Moreover, the decision to award prejudgment interest necessarily requires the Court to examine matters encompassed within the merits of the underlying action. While the list is by no means exclusive, district court have considered a number of factors, including whether prejudgment interest is necessary to compensate the plaintiff fully for her injuries, the degree of personal wrongdoing on the part of the defendant and whether the plaintiff delayed in bringing the action, as well as other fundamental considerations of fairness.[4] And because the determination of whether a party is entitled to prejudgment interest is committed to the discretion of the Court, in federal question

---

[2] See Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)

[3] Id. (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005.))

[4] Osterneck, 489 U.S. 175.

cases, as here, the determination of the rate of prejudgment interest is also committed to the discretion of the district court.[5] While Plaintiff relies upon the higher rate applicable under Florida law to interest on judgments, the interest rate set forth in 28 U.S.C. § 1961 also may be used by the Court. These determinations, however, are issues which could have and should have been presented to the Court at trial and not for the first time after judgment has been entered. The Court therefore concludes that it is inappropriate for the Court to examine issues based upon information, which was not presented to the Court during trial.

      Alternatively, even if the Plaintiff had properly presented evidence at trial and requested at trial an award of prejudgment interest the Court would have declined to do so for a couple of reasons. First, the Plaintiff unnecessarily delayed in bringing the claims in this case against the Defendant for a number of years. Granting the Plaintiff prejudgment interest would reward her for the long delay. Second, it was abundantly clear based upon the evidence at trial that the Defendant did not intentionally seek to avoid payment of any monies to Plaintiff. Rather, the Plaintiff was ordered to pay support to Plaintiff in the divorce proceedings and eventually paid the Plaintiff all that she was owed. Third, it was painfully evident that the Defendant has few, if any assets, and is presently suffering several serious potentially life threatening medical issues. The amount of the judgment awarded Plaintiff in this case in the Court's view is consistent with the statutory obligation the Defendant agreed to and to include additional prejudgment interest on top of the sum awarded to Plaintiff is completely unnecessary

---

[5] *See, e.g.* <u>Sun Ship, Inc. V. Matson Navigation</u>, 785 F.2d 59, 63 (3rd Cir. 1986).

and would be grossly unfair. Accordingly, even if the Plaintiff had raised this issue at trial and even assuming the Court was authorized to reexamine this issue under Rule 59(e) - which it is not - the Court would exercise its discretion and deny Plaintiff's request for prejudgment interest.

Lastly, with regard to post judgment interest, pursuant to 28 U.S.C. § 1961 Plaintiff is entitled to post judgment interest on any money judgment in a civil action recovered in a district court. The interest is based upon the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment. This amount is calculated from the date of entry of the judgment until the judgment is paid. As such the Court cannot include an amount in a judgment calculating post judgment interest. It accrues by operation of law.

Accordingly, for these reasons, Plaintiff's Motion To Amend The Final Judgment (Doc. 46) is due to be **DENIED**.

**IT IS SO ORDERED.**

**DONE AND ORDERED** in Ocala, Florida, on December 17, 2009.

GARY R. JONES
United States Magistrate Judge

Copies to:
    *Pro Se* Plaintiff
    *Pro Se* Defendant