UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**IRYNA HRACHOVA, individually and**
on behalf of Zhanna Hrachova

    **Plaintiff,**

v.                                                                                          Case No:5:09-CV-95-Oc-PRL

**DENVER DEWAYNE COOK**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 74). Defendant has not filed a response and his time for doing so has passed.

Plaintiff asks the Court to reconsider or clarify its Order dated September 14, 2012 related to the Writ of Garnishment issued to Defendant's employer, Vann Gannaway Chevrolet, directing that "[d]uring each pay period, a portion of the Defendant's salary or wages as it becomes due shall be held and disposed of or transferred until further order of this Court" and that "[t]he writ shall continue until the Plaintiff's judgment is paid in full or until otherwise provided by court order." Doc. 50-1. The Writ further states that "[t]he amount of the Final Judgment outstanding as set out in the Plaintiff's motion is $103,197.44, plus interest at the rate authorized by law from the date of November 4, 2009." *Id.*

Plaintiff asks the Court to increase the amount garnished from Defendant's wages from 25% to 60-65% based on 15 U.S.C. §1673.[1] Section 1673 provides in pertinent part that the "maximum part of the aggregate disposable earnings of an individual for any workweek which is

---

[1] This section is part of the Consumer Credit Protection Act.

subjected to garnishment may not exceed . . . 25 per centum of his disposable earnings for that week" unless certain exceptions apply.  Plaintiff argues that the following exception applies:

> (2) The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment to enforce any order for the support of any person shall not exceed –
>
> . . .
>
> (A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earning for that week; and
>
> (B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;
>
> except that, with respect to the disposable earnings of any individual for any workweek, the 50 per centum specified in clause (A) shall be deemed to be 55 per centum and the 60 per centum specified in clause (B) shall be deemed to be 65 per centum, if and to the extent that such earnings are subject to garnishment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek.

Even assuming this exception applies, the provision does not mandate that the Court increase the garnishment per centum; rather, it defines the maximum allowable garnishment to enforce a support order.  The Court is satisfied that in this case the current level of garnishment – 25% -- is appropriate.  Accordingly, the Court declines to increase the amount garnished from Defendant's wages.

Plaintiff also requests that the Court clarify the Writ of Garnishment to specify the total amount owed -- i.e., the sum of $103,197.44, plus Defendant's ongoing obligation to support Plaintiff at 125% of the poverty level through the date Plaintiff (and her daughter) became a United States citizen (which terminated Defendant's ongoing support obligation).  The Court declines to make this calculation based on the record before it.  Further, there is no reason why this calculation needs to be made now as it will not impact the amount of money garnished each

pay period by Defendant's employer. When, and if, the $103,197.44 is paid in full, the Court can issue a subsequent Writ of Garnishment for additional monies due pursuant to the judgment.

For these reasons, Plaintiff's Motion for Reconsideration (Doc. 74) is **DENIED**. Plaintiff should not file any further motions for reconsideration addressing these same arguments.

**DONE** and **ORDERED** in Ocala, Florida on April 8, 2013.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties